IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ALBERT EDMOND, #30523                                                                                   PETITIONER

VERSUS                                                                         CAUSE NO. 2:13-cv-193-KS-MTP

RONALD KING, Warden                                                                                     RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Edmond, an inmate currently incarcerated in the South Mississippi Correctional Institution (SMCI), Leakesville, Mississippi, files this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was granted *in forma pauperis* status by order [5] entered on October 1, 2013. Upon review of the petition [1] and response [4] and consideration of the applicable case law, this Court determines that Petitioner does not present claims upon which habeas relief can be granted.

Background

Petitioner files the instant habeas petition challenging the disciplinary charge, hearing and resulting punishment of Rule Violation Report (RVR) #1208347 for "refusing or failing to obey an order of staff." Pet'r's Resp. [4]. In his petition [1], Petitioner states as grounds for relief the following:

| | |
|---|---|
| Ground One: | Denial of Witness for Hearing |
| Ground Two: | Unauthorized Disciplinary Hearing Officer |
| Ground Three: | Denial of a Fair Disciplinary Hearing |
| Ground Four: | An Unconstitutional ARP Appeal Policy |
| Ground Five: | The Trial Court Was in Error in Denying Relief. |

In his response [4], Petitioner states that after being found guilty of RVR #1208347, he lost all visitation, canteen, and telephone privileges for thirty days; he lost conjugal visits for six

months; and he will remain in C-custody for an additional six months. As relief, Petitioner is requesting that this RVR be expunged from his prison record. Pet. [1] p. 16.

## Analysis

The Court must first determine whether Petitioner has properly brought this action under 28 U.S.C. § 2254. *See Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979)(holding that an action is governed by the essence of the pleading, not by the relief sought by the prisoner or the label placed on the action). When an action challenges the fact or duration of a prisoner's confinement it is a habeas corpus matter. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). On the other hand, an action that challenges the conditions of confinement is properly brought under 42 U.S.C. § 1983. *Id.* The "bright line rule" for making such determination is "[i]f 'a favorable determination would *not* automatically entitle the prisoner to accelerated release from confinement, the complaint is properly characterized as a § 1983 suit.'" *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997)(citing *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). The Court finds that because the allegations do not legitimately challenge the fact or duration of Petitioner's confinement, *i.e.*, no loss of any good-time credits as a result of the challenged disciplinary proceeding, and would not accelerate his release from incarceration, the Petitioner's claims are not properly before the Court as habeas claims. The habeas petition therefore will be dismissed.

To the extent Petitioner has presented Section 1983 claims, the Court cannot construe the petition as a civil action pursuant to 42 U.S.C. § 1983 because the Petitioner has received three-strikes pursuant to 28 U.S.C. § 1915(g). *See Edmond v. King*, No. 3:12-cv-338-DPJ-FKB (S.D. Miss. May 23, 2012)(listing Petitioner's civil actions filed under Section 1983 that qualify as

strikes pursuant to 28 U.S.C. § 1915(g)). As a result, unless Petitioner meets the exception of being in imminent danger of serious physical injury, *see* 28 U.S.C. § 1915(g), Petitioner is required to pay the filing fee of $350.00, plus an administrative fee of $50.00, before he can proceed with a Section 1983 civil action. Petitioner has not paid the fee to file a Section 1983 action, nor has he demonstrated that he is in imminent danger of serious physical injury. Thus, Petitioner's case will not be construed as a Section 1983 complaint because it is barred by 28 U.S.C. § 1915(g).

## Conclusion

For the reasons discussed in this Memorandum Opinion and Order, the Court finds that Petitioner's claims do not challenge the fact or duration of his confinement and are not properly pursued as a habeas corpus case pursuant to 28 U.S.C. § 2254. As for Petitioner's conditions of confinement claims presented in this habeas corpus petition, they are dismissed without prejudice.

SO ORDERED, this the  8th day of October, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE